NOT DESIGNATED FOR PUBLICATION

No. 113,169

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA E. RHEA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed December 23, 2015. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*:  Joshua E. Rhea appeals the district court's decision to revoke his probation, claiming the district court abused its discretion. After reviewing the record, we disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2014, Rhea pled no contest to one count of nonresidential burglary, a nonperson felony. Although Rhea was only 18 years old at the time of the plea, he had a criminal history score of B as a result of 19 prior juvenile adjudications. Because of his

1

criminal history score, Rhea's burglary offense placed him in a presumptive prison category. This notwithstanding, the district court granted Rhea's motion for a downward dispositional departure to probation for 24 months with an underlying prison sentence of 29 months.

On November 25, 2014, the State filed an amended motion to revoke Rhea's probation. The amended motion alleged that Rhea violated his probation's requirements by: (1) engaging in criminal activity due to being charged with criminal use of a financial card, theft by deception, and forgery; (2) being listed as a suspect in a separate case; (3) being arrested in a third case on November 17, 2014; and (4) failing to appear for his appointment with his intensive supervision officer (ISO) on November 17, 2014.

On December 11, 2014, the district court held a probation revocation evidentiary hearing on the charge of criminal use of a financial card and on Rhea's failure to appear at his appointment with his ISO. The district court did not address the two other alleged violations in the motion to revoke Rhea's probation. At this hearing several witnesses testified. Charles Welch, the victim, testified that on the night of September 27, 2014, his wallet was stolen out of his truck, which was parked outside of his home. He testified that there were four or five charges made on his company credit card to service stations in the McPherson, Kansas, area; two separate charges to the O'Reilly's Auto Parts stores in Salina, Kansas, and Concordia, Kansas; and a couple of other charges that he could not recall. He testified he gave no one permission to use his credit card.

Detective Stacy Snyder from the McPherson Police Department testified that Welch reported the unauthorized credit card charges which led Snyder to begin an investigation. Snyder contacted the O'Reilly Auto Parts store in Salina, and one of the managers at the store provided him with a copy of the receipt from the alleged unauthorized transaction. The $206.02 purchase was made with Welch's credit card. One employee at the Salina O'Reilly Auto Parts store testified that on September 28, 2014, an

2

individual made a purchase at the store using Welch's credit card and signed Welch's name. Another employee identified Rhea as making the purchase in the Salina store on that day. That employee knew Rhea through Rhea's patronage of another O'Reilly Auto Parts store at which the employee previously worked.

Last to testify was Paul Mendoza, Rhea's ISO. He testified that Rhea failed to appear for his scheduled meeting on November 17, 2014. Rhea also failed to notify Mendoza as to why he did not make the appointment.

At the conclusion of this testimony and after hearing directly from Rhea, the district court revoked Rhea's probation. The district court judge stated he specifically remembered Rhea, the granting of his downward dispositional departure and, at the time of the sentencing, he chose to "suspend disbelief and take a chance on [Rhea]." The district judge found Rhea violated his probation by committing new crimes and by failing to report to his probation officer and ordered Rhea to serve his underlying 29-month underlying sentence.

Rhea timely appeals.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING RHEA'S PROBATION?

On appeal, Rhea claims the district court abused its discretion in revoking his probation because the State did not prove by a preponderance of the evidence that Rhea violated his probation.

"To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, . . . the commission of the violation [must] be established by . . . a preponderance of the evidence." *State v. Lumley*, 267 Kan.

3

4, 8, 977 P.2d 914 (1999). "[A] 'preponderance of the evidence' means that evidence which shows a fact is more probably true than not true." *Ortega v IBP, Inc.*, 255 Kan. 513, 528, 874 P.2d 1188 (1994)

Rhea focuses his argument that the State did not prove he committed the criminal charges alleged based on a preponderance of the evidence. However, when reviewing the record in its entirety, we have no trouble concluding that it is more likely than not that Rhea committed the crimes alleged. This notwithstanding, even if we assume that the State failed to meet its burden of proof on this point, there is uncontroverted evidence in the record that Rhea failed to appear for a required meeting, a clear violation of the terms of his probation. Because violation of Rhea's probation was established by a preponderance of the evidence, revocation of Rhea's probation was within the sound discretion of the court.

"Once there has been evidence of a violation of the conditions on which probation was granted, revocation is in the sound discretion of the district court." *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Probation from service of a sentence is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006).

The district court previously granted Rhea's motion for a downward dispositional departure and placed him on probation. Despite Rhea's 19 prior juvenile adjudications the district court gave Rhea an opportunity to show that his juvenile adjudications would not define him as an adult. However, Rhea failed to take advantage of this opportunity provided by the court and failed to follow the requirements of his probation. Because

Rhea's burglary conviction carried with it a presumptive prison term, any violation of probation allowed the district court to revoke his probation. Based on the record before us, we cannot conclude the district court abused its discretion in revoking Rhea's probation and ordering him to serve his underlying prison sentence.

Affirmed.